UNITED STATES DISTRICT COURT
FOR THE DISTRICT O

----------------------------------------------------------X

EMI MALLON,

     Plaintiff,

  -v.-

Douglas A. Collins, Secretary,
Department of Veterans Affairs,

     Defendant.

----------------------------------------------------------X

Case: 1:25-cv-04124   JURY DEMAND
Assigned To : Kelly, Timothy J.
Assign. Date : 11/25/2025
Description: Employ. Discrim. (H-DECK)

**COMPLAINT FOR WORKPLACE
DISCRIMINATION IN THE FEDERAL
GOVERNMENT**

1. Sex, Hostile Work Environment, and
Reprisal {42 USC §2000e, *et. seq.*}
2. Rehabilitation Act, 29 U.S.C. § 791, *et.
seq.*

**PLAINTIFF DEMANDS A
JURY TRIAL**

Plaintiff, EMI MALLON, ("Plaintiff"), complains and alleges as follows:

## I.  JURISDICTION

1. This case is brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as

codified, 42 USC § 2000e, *et. seq.* for violation of this Complainant's rights against employment

discrimination on the basis of sex (Female), for Defendant having created a hostile work

environment through actions and omissions by its agents and for which Defendant is vicariously

liable, 42 U.S.C. § 2000e-3, for reprisal for prior protected activity and for violation of the

Rehabilitation Act, 29 U.S.C. § 791 *et. seq.*

Subject matter jurisdiction is founded upon Title 28 U.S.C. § 1331, and § 1346. Also,

sovereign immunity is waived by 5 U.S.C. § 702.

**RECEIVED**

NOV 2 5 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## II.  VENUE

2. Defendant Department of Veterans Affairs maintains an office in the District of Columbia.

Therefore, venue is proper in the United States District Court for the District of Columbia pursuant to 42 U.S.C. § 2000e-(f)(3), 28 U.S.C. § 1391(b)(1) and (2) and 28 U.S.C. § 1391(e).

### III.  PARTIES

3.    Plaintiff, a former employee, is a competent adult citizen of the United States and at all times relevant to this complaint was an employee of the Department of Veterans Affairs ("VA"). At the time of the Defendants' discriminatory employment actions, the Plaintiff was a registered nurse at the Defendant's Palo Alto VA Health Care System in Palo Alto, California.   Plaintiff is now retired on a disability retirement.

4.    Plaintiff's sex is Female.

5.    Plaintiff's residence is currently in Vienna, Virginia.

6.    Defendant, Douglas A. Collins, is the Secretary of the Department of Veterans Affairs and has his office situated in the District of Columbia. Defendant Douglas A. Collins is sued only in his official capacity.

7.    At all times mentioned herein, the Department of Veterans Affairs, is an executive department and "agency" within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*) and 5 U.S.C. §101, with its principal offices in the District of Columbia.

8.    At the time of the acts of alleged discrimination by the Defendants, Plaintiff was an employee of the federal government, as that term is defined in 5 U.S.C. §2105(a)(1)(1) and 42 U.S.C. §2000e(f).

## IV.   EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES
### (Factual Allegations)

9.   Paragraphs 1 through 8 are incorporated herein by reference as though fully set forth herein.

10.   Plaintiff was discriminated against based on her sex (Female), and disability (association with a disabled child), subjected to a hostile work environment and harassment, as well as retaliation for prior protected activity on the following grounds:

a)   Agency officials provided Plaintiff conflicting information regarding promises of conversion and/or hiring to part-time and full-time positions which were subsequently denied to her;

b)   Plaintiff has been paid $10,000 less than the salary she agreed upon when she accepted the intermittent Nurse 1 position;

c)   The Human Resources (HR) Representative informed Plaintiff that she did not qualify for Family Medical Leave Act (FMLA) due to her intermittent status;

d)   Plaintiff learned from a union representative that a Nurse Manager unlawfully denied Plaintiff transfer from a full-time employee position at the VA Medical Center in Tampa to a full-time position at Palo Alto VA (the Agency) in 2014/2015, which also violated her FMLA re-employment rights;

e)   Plaintiff was informed that her FMLA application, which was submitted in October 2019, both electronically and a hardcopy in person, had been lost and to resubmit it;

f)   Plaintiff was informed that her hiring status was changed from intermittent to Part-Time, with a retroactive date of November 10, 2019, and that she would be required to make up the difference in hours as a consequence of that change in employment status;

g)   The agency failed to timely and appropriately process Plaintiff's second, December 16, 2019, FMLA application;

h)   Plaintiff was issued a verbal counseling regarding her leave usage and;

i)  Management has failed to process Plaintiff's request for leave under the Families First Corona Virus Response Act (FFCRA) and Emergency Paid Sick Leave Act (EPSLA).

11.     Plaintiff timely initiated Equal Employment Opportunity (EEO) counseling with Defendant's EEO processing component for the allegations stated in paragraph number 10, paragraphs a-i, above.

12.     On December 23, 2019, Plaintiff filed her formal administrative complaint of discrimination with the Defendant.

13.     An investigation into Plaintiff's allegations of discrimination was conducted by the Defendant or its contractor and a report of investigation (ROI) along with a notice of rights was served upon Plaintiff by Defendant.

14.     At the conclusion of the Defendant's investigation, Plaintiff timely elected to have her Title VII and Rehabilitation Act claims proceed to a hearing before the Equal Employment Opportunity Commission (EEOC).

15.     The EEOC granted a motion by Defendant for a Decision Without a Hearing of Plaintiff's Title VII and Rehabilitation Act claims when it issued an Order Entering Judgment in Defendant's favor, dismissing all of Plaintiff's discrimination claims.

16.     Defendant subsequently issued a final order implementing the EEOC's finding that Plaintiff failed to prove that the Defendant subjected her to discrimination as alleged.

17.     Plaintiff appealed Defendant's final order to the EEOC Office of Federal Operations (OFO).

18.     On or about August 25, 2025, the OFO issued a decision affirming the Department of Veterans Affairs final order fully implementing the EEOC's finding of no discrimination.  The OFO Decision bears a date of August 25, 2025.

19.    The August 25, 2025, OFO Decision further notified Plaintiff, *inter alia*, that she has the right to commence a civil action in United States District Court.   The OFO Decision was mailed to Plaintiff and Plaintiff's attorney on August 25, 2025 by U.S. Mail.

20.    As such, Plaintiff has exhausted her federal administrative remedies.

## V.    CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF

### Sex-based Discrimination, hostile work environment, reprisal for prior protected activity and violation of the Rehabilitation Act

21.    Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth herein.

22.    The Defendant and his agents discriminated against Plaintiff and subjected her to harassment, hostile work environment due to Plaintiff's sex, retaliation against Plaintiff for prior protected activity, and violated her rights under the Rehabilitation Act.

23.    As a result of Defendant's unlawful actions, Plaintiff has suffered economic and non-economic damages, as well as emotional pain and suffering.

24.    The Plaintiff has exhausted her administrative remedies.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff makes the following demand and prays as follows:

a)    Plaintiff hereby demands a trial by jury and that process be issued and served as provided by law, requiring the Defendants to appear and answer or face judgment;

b)    Enjoin Defendants from engaging in such illegal conduct.

c)    For all compensatory, general, and special damages against the Defendants in the amount proven at trial;

d)    For pecuniary damages for back wages, with interest, under the Back Pay Act, 5 U.S.C. §5596(b)(i) and front pay;

e)    For an award of costs and an award of reasonable attorney's fees under the Back Pay Act,

5 U.S.C.§5596(b)(ii), and/or under the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412 and/or pursuant to 42 U.S.C. § 12205;

f)    Pre-judgment and post-judgment interest.

g)    Any other such relief, including injunctive and/or declaratory relief, as the Court may deem proper.

Dated: November 25, 2025.

Respectfully submitted,

Emi Mallon

## VII.  FRCP (Rule) 11 CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I hereby certify that to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: November 25, 2025.

Respectfully submitted,

Emi Mallon