**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EMI MALLON,

      *Plaintiff*,

    v.

DOUGLAS A. COLLINS,

      *Defendant*.

Civil Action No. 25-4124 (TJK)

**MEMORANDUM**

Emi Mallon, proceeding pro se, sues her former employer, the U.S. Department of Veterans Affairs, alleging that it discriminated against her on the basis of sex and engaged in other misconduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Rehabilitation Act, 29 U.S.C. § 791. Mallon sued on November 25, 2025. *See* ECF No. 1. So she had until February 23, 2026 to serve the Defendant, the Secretary of Veterans Affairs. Fed. R. Civ. P. 4(m).

The Court reminded Mallon of her obligation to serve the Defendant on January 27, 2026, roughly three weeks before the deadline. *See* Minute Order of Jan. 27, 2026. On February 20, 2026, Mallon filed purported proof of service. ECF Nos. 3–4. But that service was deficient for several reasons. As the Court explained in its Minute Order of April 21, 2026, because Mallon brought this case against a federal officer in his official capacity, she must serve *both* the United States and that federal officer. Fed. R. Civ. P. 4(i)(2). To serve the United States, she must "send a copy of [the summons and of the complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office," and also "send a copy of each by registered or certified mail to the Attorney General of the United States." Fed. R. Civ. P. 4(i)(1)(a)(ii)–(1)(B). Among

other deficiencies, Mallon's purported proof of service did not show service upon the civil-process clerk of the United States Attorney's Office for the District of Columbia. Thus, the Court granted her additional time, until May 22, 2026, to serve the United States and file proof of service. *See* Minute Order of April 21, 2026.

About three weeks later, Mallon filed purported proof of service as to the Secretary of Veterans Affairs, *see* ECF No. 5, and the U.S. Attorney General, *see* ECF No. 6—but, as before, did not file proof of service effected upon the civil-process clerk of the United States Attorney's Office for the District of Columbia. Thus, the Court again advised Mallon that her filings failed to show valid service upon the United States in accordance with Federal Rule of Civil Procedure 4(i)(1). *See* Minute Order of May 15, 2026. It also gave her "a final chance" to "complete service on Defendant and file proof of service in accordance with Rule 4(l)" by May 29, 2026, or else the Court would "dismiss[] the case for failure to serve." *Id.* A week later, Mallon filed a certified U.S. Postal Service receipt showing the Secretary of Veterans Affairs as the recipient. *See* ECF No. 7. But, once again, this latest filing does not show service upon the civil-process clerk of the United States Attorney's Office for the District of Columbia. Thus, Mallon still has not filed proof of valid service upon the United States and, for that reason, has not demonstrated proper service on the Defendant.

Federal Rule of Civil Procedure 4(m) requires that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added). In addition, Rule 4(i)(4) requires the Court to allow a plaintiff a "reasonable time to cure" its failure to serve "a person required to be served

2

under Rule 4(i)(2)" "if the party has served either the United States attorney or the Attorney General of the United States."  Fed. R. Civ. P. 4(i)(4)(A).

The Court has twice extended Mallon's time to serve the Defendant and has twice advised her that service upon the United States must be accomplished, in part, by serving the civil-process clerk of the United States Attorney's Office for the District of Columbia.  *See* Minute Orders of April 21, 2026 & May 15, 2026.  Yet, despite these warnings, she still has not done so.  Thus, Mallon has not demonstrated service upon the Defendant, and she has not requested more time to perfect service.  On this record, the Court sees no reason to provide her another chance to take this straightforward step.  As the D.C. Circuit has explained, "[t]he assistance provided by the district courts . . . 'does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure.'"  *Moore v. Agency for Int'l. Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (quoting *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).

For all these reasons, the Court will dismiss the case without prejudice for failure to serve process.  *Cole v. Haines*, No. 21-cv-2599 (TJK), 2022 WL 2966332, at *2 (D.D.C. July 27, 2022) (dismissing for failure to serve where "[t]he Court twice granted [plaintiff] extensions of time beyond the ninety-day deadline to serve [defendant] and file proof of service"); *Wine v. U.S. Dep't of the Interior*, No. 21-cv-3349 (TNM), 2022 WL 888197, at *2 (D.D.C. Mar. 25, 2022) (dismissing for failure to serve where, "[d]espite multiple warnings and guidance from the Court, [defendant] did not [complete service]").  A separate Order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 30, 2026

3